U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV 17 PM 4: 08

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:13-cr-53 |
| ) | |
| JOSHUA J. MINIX ) | |

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 114 & 138)

This matter came before the court for a review of the Magistrate Judge's August 24, 2016 Report and Recommendation ("R & R"). (Doc. 138.) Defendant Joshua J. Minix, who is self-represented, filed an amended motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his below-Guidelines 87 month sentence on the grounds that he failed to receive appropriate credit for providing substantial assistance, and because he received ineffective assistance of counsel at sentencing. (Doc. 114.) Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-two page R & R, the Magistrate Judge thoroughly considered Defendant's claim that he failed to receive sufficient consideration for his substantial cooperation in the government's investigations and prosecutions. The Magistrate Judge

noted that the court acknowledged Defendant's cooperation at the sentencing hearing based on the government § 5K1.1 cooperation letter describing Defendant's cooperation. The Magistrate Judge found that Defendant's claim was procedurally barred because he failed to raise the argument, which the Magistrate Judge correctly concluded was a non-constitutional error, on direct appeal. *See Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (holding "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional claim of error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice") (internal quotation marks omitted).

The Magistrate Judge also analyzed Defendant's ineffective assistance of counsel claims at length, finding that Defendant was aware of the contents of the § 5K1.1 letter he now challenges. He committed no error in concluding that Defendant failed to satisfy either prong of the *Strickland* test for establishing ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

Based on the foregoing, the Magistrate Judge properly concluded that Defendant failed to meet his burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 motion. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 138), DENIES Defendant's motion to vacate, and DISMISSES Defendant's § 2255 motion (Doc. 114).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

The court will issue an Amended Judgment reflecting that Defendant was convicted of possession of a firearm as an "unlawful user of any controlled substance" in violation of 18 U.S.C. § 922(g)(3), as stated in the count of conviction.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of November, 2016.

Christina Reiss, Chief Judge
United States District Court